UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ROBERT WARD GARRISON,<br><br>    Plaintiff,<br><br>    v.<br><br>DOUGLAS WADDINGTON, *et al.*,<br><br>    Defendants. | Case No. C05-5487RJB<br><br>ORDER |

    This matter comes before the Court on Plaintiff's Motion for Reconsideration of U.S. Magistrate Judge Karen L. Strombom's Order Denying Plaintiff's Motion to Compel. Dkts. 39 and 40. The Court has considered the pleadings filed in support of the motion, and the remainder of the file herein.

### I.    FACTS

    On July 15, 2005, pro se Plaintiff, a prisoner, filed a complaint pursuant to 42 U.S.C. § 1983. Dkt. 1. A Scheduling Order was issued December 15, 2005, setting the discovery cutoff date for June 17, 2006. Dkt. 24. On May 17, 2006, Plaintiff filed a Motion to Compel Discovery. Dkt. 26. Plaintiff alleged to have mailed a copy of discovery requests to Defendants' counsel on February 12, 2006. *Id*. Plaintiff acknowledges that he did not use the prison legal mail system. *Id*. He attaches a copy of the discovery requests to his motion, but failed to provide a certificate of service. *Id*. Plaintiff alleged that he wrote Defendants' counsel in April 2006 regarding the outstanding discovery requests. *Id*. Defendants deny receipt of any such discovery requests. Dkt. 27.

ORDER
Page - 1

1  On June 19, 2006, U.S. Magistrate Judge, Karen L. Strombom, denied Plaintiff's Motion to
2  Compel, stating Plaintiff's motion should be denied because he did not provide any evidence that
3  Defendants' counsel received the discovery requests and failed to confer with opposing counsel pursuant
4  to Local Fed. R. Civ. Pro. 37(a)(2).  Plaintiff's Motion for Reconsideration was denied.  Dkt. 35.
5  Plaintiff now appeals the decision to deny his motion for reconsideration of his motion to compel
6  discovery.  Dkts. 39 and 40.  Plaintiff provides a declaration that he mailed the discovery requests, and
7  argues that his April 2006 letter should be considered as fulfilling the meet and confer requirements of
8  Local Fed. R. Civ. Pro. 37(a)(2).  Dkt. 40.

## II.   DISCUSSION

Fed. R. Civ. P. 72(a) provides:

> Nondispositive Matters. A magistrate judge to whom a pretrial matter not dispositive of a claim or defense of a party is referred to hear and determine shall promptly conduct such proceedings as are required and when appropriate enter into the record a written order setting forth the disposition of the matter. Within 10 days after being served with a copy of the magistrate judge's order, a party may serve and file objections to the order; a party may not thereafter assign as error a defect in the magistrate judge's order to which objection was not timely made. The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law.

Plaintiff has failed to show that Judge Strombom's original Order Denying Plaintiff's Motion to Compel Discovery (Dkt. 29) was "clearly erroneous or contrary to law."  Under Fed. R. Civ. P. 5(a), "every paper related to discovery . . . shall be served upon each of the parties."  Service on a party represented by an attorney is made on the attorney.  *Id*. at 5(b)(1).  Plaintiff now files a Declaration of Service by Mailing, dated July 24, 2006, in which he indicates that he sent discovery requests to Defendants' counsel on February 12, 2006.  Dkt. 39.  However, Plaintiff's submission does not address the fact that there was nothing in the record at the time Judge Strombom made her decisions.  Moreover, there remains nothing is the record to contradict Defendants' assertions that they did not receive these requests, like a prison mail log, other than this declaration signed and dated several months later.

Plaintiff has failed to show that Judge Strombom's Order Denying Plaintiff's Motion for Reconsideration (Dkt. 35) was "clearly erroneous or contrary to law."  Local Fed. R. Civ. P. 7(h) provides, in relevant part, as follows:

> Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

Plaintiff failed to meet his burden under Local Rule CR 7(h). Plaintiff did not show a manifest error in the prior rulings, or new facts or legal authority which could not have been brought to the Court's attention earlier with reasonable diligence.

In conclusion, Plaintiff has failed to show that Judge Strombom's original Order Denying Plaintiff's Motion to Compel Discovery (Dkt. 29), or her Order Denying Plaintiff's Motion for Reconsideration (Dkt. 35) was "clearly erroneous or contrary to law." Plaintiff's Motions for Reconsideration should be denied.

### III.   ORDER

Therefore, it is **ORDERED** that Plaintiff's Motions for Reconsideration (Dkts. 39 and 40) are **DENIED**. The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 15th day of August, 2006.

Robert J. Bryan
United States District Judge