UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROBERT WARD GARRISON,

    Plaintiff,

    v.

DOUG WADDINGTON, *et al.*,

    Defendants.

Case No. C05-5487 RJB/KLS

ORDER DENYING MOTION FOR THE APPOINTMENT OF COUNSEL

This civil rights action has been referred to United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. Plaintiff has been granted leave to proceed *in forma pauperis*. (Dkt. # 3). Before the court is plaintiff's motion for appointment of counsel. (Dkt. # 30)[1].

There is no right to have counsel appointed in cases brought under 42 U.S.C. § 1983. Although the court, under 28 U.S.C. § 1915(d), can request counsel to represent a party proceeding *in forma pauperis*, the court may do so only in exceptional circumstances. Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Franklin v. Murphy, 745 F.2d 1221, 1236 (9th Cir. 1984); Aldabe v. Aldabe, 616 F.2d 1089 (9th Cir. 1980). A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. Wilborn, 789 F.2d

---

[1] The court originally denied plaintiff's motion on July 19, 2006. However, due to an error in the court's electronic filing system, the order was never entered or served on the parties.

ORDER - 1

at 1331.

Plaintiff filed his motion for the appointment of counsel "for cause," requesting the appointment of counsel for the specific purpose of representing him at his deposition scheduled for June 16, 2006. Although plaintiff requested that the motion be noted for the court's consideration on June 13, 2006, it was not filed until June 15, 2006. Since the filing of his motion, the deposition has taken place. Moreover, plaintiff has demonstrated an adequate ability to articulate his claims *pro se*, and it appears that this case does not involve exceptional circumstances which warrant appointment of counsel. Accordingly, plaintiff's motion to appoint counsel is **DENIED**.

The Clerk is directed to send copies of this Order to plaintiff.

DATED this   7th   day of September, 2006.

Karen L. Strombom
United States Magistrate Judge

ORDER - 2