UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROBERT WARD GARRISON,

    Plaintiff,

    v.

DOUGLAS WADDINGTON, *et al.*,

    Defendants.

Case No. C05-5487RJB

ORDER

    This matter comes before the Court on Plaintiff's Motion for a Second Review of Rulings in Re: Motion to Compel; or in the Alternative, Notice of an Appeal. Dkt. 50. The Court has considered the pleadings filed in support of the motion, and the remainder of the file herein.

### I.    FACTS

    On July 15, 2005, pro se Plaintiff, a prisoner, filed a complaint pursuant to 42 U.S.C. § 1983. Dkt. 1. A Scheduling Order was issued December 15, 2005, setting the discovery cutoff date for June 17, 2006. Dkt. 24. On May 17, 2006, Plaintiff filed a Motion to Compel Discovery. Dkt. 26. Plaintiff alleged to have mailed a copy of discovery requests to Defendants' counsel on February 12, 2006. *Id*. Plaintiff acknowledges that he did not use the prison legal mail system. *Id*. He attaches a copy of the discovery requests to his motion, but failed to provide a certificate of service. *Id*. Plaintiff alleged that he wrote Defendants' counsel in April 2006 regarding the outstanding discovery requests. *Id*. Defendants deny receipt of any such discovery requests. Dkt. 27.

    On June 19, 2006, U.S. Magistrate Judge, Karen L. Strombom, denied Plaintiff's Motion to

ORDER
Page - 1

Compel, stating Plaintiff's motion should be denied because he did not provide any evidence that Defendants' counsel received the discovery requests and failed to confer with opposing counsel pursuant to Local Fed. R. Civ. Pro. 37(a)(2). Plaintiff's Motion for Reconsideration was denied. Dkt. 35.

On July 27, 2006 and August 3, 2006, Plaintiff appealed the decision to deny his motion for reconsideration of his motion to compel discovery. Dkts. 39 and 40. Plaintiff provided a declaration that he mailed the discovery requests, and argues that his April 2006 letter should be considered as fulfilling the meet and confer requirements of Local Fed. R. Civ. Pro. 37(a)(2). Dkt. 40. Plaintiff's motions were construed as a motion for review under Fed. R. Civ. P. 72(a). Dkt. 41. On August 15, 2006, Plaintiff's motions were denied as he failed to show that Judge Strombom's Order Denying Plaintiff's Motion for Reconsideration was "clearly erroneous or contrary to law," as required under Rule 72(a), and because he failed to meet his burden under Local Rule CR 7(h). *Id.*

Plaintiff again moves for a review the "rulings" regarding his original motion to compel (Dkt. 26). Dkt. 50.

## II.   **DISCUSSION**

To the extent Plaintiff is moving for reconsideration of this Court's order on his appeal of Judge Strombom's orders regarding his motion to compel, his motion should be denied. Under Local Fed. R. Civ. P. 7(h)(2), motions for reconsideration must be filed within ten judicial days following the order to which it relates. Plaintiff motion for a second review of this Court's order of his appeal of Judge Strombom's orders regarding Plaintiff's motion to compel should be denied as untimely pursuant to Local Rule 7(h)(2). Plaintiff filed this motion on September 15, 2006. Dkt. 50. This Court's order was filed August 15, 2006. Dkt. 41.

Even if Plaintiff's motion was timely, it should be denied. Local Fed. R. Civ. P. 7(h) provides, in relevant part, as follows:

> Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

Plaintiff failed to meet his burden under Local Rule CR 7(h). Plaintiff did not show a manifest error in the prior rulings, or new facts or legal authority which could not have been brought to the Court's attention earlier with reasonable diligence.

### III.   ORDER

Therefore, it is **ORDERED** that Plaintiff's Motion for a Second Review of Rulings in Re: Motion to Compel; or in the Alternative, Notice of an Appeal (Dkt. 50) is **DENIED**. The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 22nd day of September, 2006.

*/s/ Robert J. Bryan*
Robert J. Bryan
United States District Judge