|   |   |
|---|---|
| 1 |   |
| 2 |   |
| 3 |   |
| 4 |   |
| 5 |   |
| 6 |   |
| 7 |   |
| 8 |   |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROBERT WARD GARRISON,

    Plaintiff,

    v.

DOUG WADDINGTON, *et al.*,

    Defendants.

Case No. C05-5487 RJB/KLS

ORDER GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO RESPOND TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

    This civil rights action has been referred to United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1)(B) and Local MJR 3 and 4. Presently before the Court is plaintiff's third motion for an extension of time to respond to defendants' motion for summary judgment, which was filed on July 21, 2006. (Dkt. # 61). For the reasons stated below, the extension shall be granted.

## I. DISCUSSION

    Plaintiff's request for additional time is based, in part, on the receipt of information anticipated from a third party (*See* Dkt. # 58, 59), and in part, because inmates are allowed to have

ORDER - 1

only one box of legal documents in their cell at a time.  Plaintiff has two actions pending in this Court, this civil action and a habeas corpus action.  *See* Garrison v. Waddington, No. C06-459-TSZ-MJB.  Plaintiff's reply in his pending habeas action is due on or about January 11, 2007.   Therefore, Plaintiff requests an enlargement of time to respond to the pending summary judgment motion in this matter and an Order directing the Washington State Penitentiary (WSP) to provide Plaintiff with his legal materials within twenty-four hours of requesting them.

Because of Plaintiff's deadline in his habeas action, Defendants do not oppose an extension of time in this case, and to allow Plaintiff sufficient time to then exchange his box of habeas corpus pleadings and documents for his box of civil pleadings and documents, Defendants suggest a new deadline by February 9, 2007 or such other time as the Court deems appropriate.   However, Defendants object to Plaintiff's request for a "twenty-four hour" directive to the WSP as neither the WSP nor its officials are defendants in this case and as such, this Court lacks jurisdiction to issue such a directive.

The Court finds that the extension of time requested is reasonable, although it is noted that this is the third such extension. (*See* Dkt. # 49, 54).  The Court agrees with Defendants, however, that it lacks jurisdiction to grant Plaintiff's request for the twenty-four hour turn-around directive.

Accordingly, the Clerk of the Court shall **re-note** Defendants' motion for summary judgment (Dkt. # 38) for the Court's docket of **February 23, 2007.**   Plaintiff's brief and affidavits in opposition to the motion shall be filed and served not later than 4:30 p.m. on the Monday immediately preceding the Friday appointed for consideration of the motion; if plaintiff fails to file and serve timely opposition to the motion, the court may deem any opposition to be without merit. Defendants may file, not later than 4:30 p.m. on the Thursday immediately preceding the Friday designated for consideration of the motion, a response to the opposing party's briefs and affidavits.

ORDER - 2

1  The Clerk is directed to send copies of this order to Plaintiff and counsel for Defendants.  **No**
2  **further extensions of time as to this motion shall be granted.**

4  DATED this 12th day of January, 2007.

Karen L. Strombom
United States Magistrate Judge

ORDER - 3