1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

10

11

12

13

14

ROBERT WARD GARRISON,

Plaintiff,

v.

DOUG WADDINGTON, *et al.*,

Defendants.

Case No. C05-5487 RJB/KLS

ORDER DENYING PLAINTIFF'S
MOTION FOR HELP AND
GRANTING PLAINTIFF'S MOTION
TO ENLARGE TIME TO FILE
REPLY

15

16

17

18

19

20

This civil rights action has been referred to United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1)(B) and Local MJR 3 and 4.  Before the Court are Plaintiff's Motion for Help (Dkt. # 70) and Motion for Enlargement of Time (Dkt. # 76) to file a reply to Defendants' Response (Dkt. # 71).  Having carefully reviewed the motion, response and reply, the Court finds that Plaintiff's motion for help shall be denied.

21

22

**I.  DISCUSSION**

23

24

25

Plaintiff's civil rights action is against officials of the Stafford Creek Corrections Center (SCCC). Defendants filed a motion for summary judgment on July 21, 2006, shortly after Plaintiff was transferred to the Washington State Penitentiary (WSP) in Walla Walla, Washington.

26

ORDER - 1

Thereafter, Plaintiff has requested four extensions of time to respond to Defendants' motion for summary judgment.  Defendants have not opposed Plaintiff's requests and the Court has granted the requests.   The latest deadline was extended until June 29, 2007.  (Dkt. # 74).

Plaintiff now moves the Court to order the WSP, who is not a party in this action, to provide Plaintiff "with the necessary resources to conduct litigation in this court, to wit, access to federal case law, unrestricted legal photocopying, 9 x 12 envelopes for service by U.S. mail, and the files removed from his 'one' box of authorized legal materials."  (Dkt. # 70 at 1).   Plaintiff also requests a transfer to another prison's IMU unit and/or appointment of counsel.  (*Id*. at 4-5).

**A.      The Court Does Not Have Jurisdiction Over WSP Or Its Officials**

As Plaintiff is well aware, Plaintiff's civil rights complaint contains claims only against officials and employees of the Stafford Creek Corrections Center in Aberdeen, Washington.  DOC is not a defendant in this case, nor are any officials or employees at WSP defendants in this case.  This Court is therefore without jurisdiction over WSP and its officials and employees and may not order any relief, provisional or otherwise, against these entities. *R.M.S. Titanic, Inc. v. Haver*, 171 F.3d 943, 957 (5th Cir. 1999); *U.S. v. Kirschenbaum*, 156 F.3d 784, 794 (7th Cir. 1998).   Although Plaintiff certainly appears convinced that WSP worked in concert with SCC staff to put him "at a legal disadvantage" by transferring him to a facility where he has less access to legal materials, the Court has no evidence that Plaintiff has been denied meaningful access to this Court or has been unable to timely file legal pleadings, motions or other papers.

To the extent Plaintiff seeks injunctive relief against SCC and/or its officials for any claimed retaliatory transfer, Plaintiff must make an appropriate showing pursuant to Fed.R. Civ. P. 65.  An injunction would be appropriate only if Plaintiff can demonstrate either a probability of success on

ORDER - 2

the merits and the possibility of irreparable injury or serious questions going to the merits and balance of hardships tipping sharply in his favor.  *See, e.g.,  Cassim v. Bowen*, 824 F.2d 791, 795 (9th Cir. 1987).


**B.      Photocopying and Envelopes**

Although Plaintiff complains that he has experienced delays in obtaining envelopes and photocopying services from WSP staff, Plaintiff's filings in this Court demonstrate that he has been offered the means to file pleadings and papers with the Court by WSP prison officials.  There is no evidence before the Court to the contrary.


**C.      Access to Courts/Federal Case Law**

The scope of the right of access to the courts is quite limited. *Lewis v. Casey*, 518 U.S. 343, 116 S. Ct. 2174 (1996); *Madrid v. Gomez*, 150 F.3d 1030, 1041 (9th Cir. 1998).   The right of access to the courts applies only to cases in which inmates are attacking their sentences or challenging the conditions of their confinement:

> In other words, *Bounds*, does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any <u>other</u> litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

*Lewis v. Casey, supra,* 518 U.S. at 355, 116 S. Ct. at 2182; and *see Cornett v. Donovan*, 51 F.3d 894, 899 (9th Cir. 1995) ("the right of access is designed to ensure that a habeas petition or civil rights complaint of a person in state custody will reach a court for consideration".)

As an Intensive Managements Unit (IMU) inmate, Plaintiff has forfeited his opportunity to

ORDER - 3

attend the prison's general law library. (Dkt. # 71, Exh. A). IMU inmates have access to a range of legal research materials as set forth on the list submitted by Defendants in their response to Plaintiff's motion. (*Id*., Exh. A, Attach. 1). Plaintiff is aware of these materials as he submitted this list of legal materials to this Court in his habeas corpus action. (C06-00459TSZ, Dkt. # 68). Plaintiff has provided the Court with no evidence of any actual injury suffered or any time where he has been denied access to this Court.

**D. Access to Plaintiff's Files**

Counsel for Defendants has been advised by WSP officials that Plaintiff will be provided an opportunity to possess his legal files for this case consistent with prison policy that allows inmates to possess only one box of legal materials in their cells. (Dkt. # 71, Exh. A). This Court previously granted Plaintiff four extensions of time to respond to the pending motion for summary judgment largely because of the prison policy that allows inmates to have only one box of legal materials in their cells at any given time. Plaintiff has provided no new evidence to indicate that he should not be able to work within the prison policy and latest extension granted.

**II. CONCLUSION**

The Court finds that Plaintiff has been provided access to adequate legal materials and with sufficient extensions of time within which to be able to draft his response to Defendants' pending motion for summary judgment.

ACCORDINGLY, it is **ORDERED**:

(1)     Plaintiff's Motion for Help (Dkt. # 70) is **DENIED**;

ORDER - 4

1

(2)     Plaintiff's Motion to Enlarge Time to Reply to Defendants' Response (Dkt. # 76) is

2

**GRANTED**;

3

(3)     The Clerk shall send a copy of this Order to Plaintiff and counsel for Defendants.

4

5

DATED this  _20th_  day of April, 2007.

6

7

8

9

Karen L. Strombom

10

United States Magistrate Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26     ORDER - 5