UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ROBERT WARD GARRISON, | |
| Plaintiff, | Case No. C05-5487 RJB/KLS |
| v. | REPORT AND RECOMMENDATION |
| DOUGLAS WADDINGTON, *et al.*, | **NOTED FOR: January 4, 2008** |
| Defendants. | |

Presently before the Court is Plaintiff's Motion for Class Action Certification on Counts I and IV of his Complaint. (Dkt. # 95). Defendants oppose the motion. (Dkt. # 96). For the reasons set forth below, the undersigned recommends that the motion be denied.

## I. DISCUSSION

Plaintiff filed his 42 U.S.C. § 1983 civil rights Complaint on August 2, 2005. (Dkt. # 4). In Count I of his Complaint, Plaintiff alleges violation of his First, Fifth and Fourteenth Amendment rights when he was routinely denied access or restricted access to the IMU law library. (*Id.*, pp. 8-15). In Count II of his Complaint, Plaintiff alleges an Eighth Amendment claim for the common shackling with other prisoners and the arbitrary denial of certain foods to prisoners in his unit, such as ice cream or real fruit juice. (Dkt. # 4, pp. 21-23). Plaintiff claims that these actions occurred

REPORT AND RECOMMENDATION - 1

during the time he was housed in the intensive management unit, Unit F, at Stafford Creek Corrections Center (SCCC), from February 27, 2002 through December 30, 2002.

Plaintiff states that when he wrote his Complaint, he "intended to raise his claims on behalf of all whom were mistreated, injured and deprived their federally protected rights." Plaintiff argues that he has properly stated a class action for both these counts when he referred to "inmates," "prisoners," "all C Pod inmates," "F Unit prisoners," "IMU prisoners," "we," and sought redress for the "wrongs" described therein. (Dkt. # 95, p. 2). Plaintiff argues that his Complaint should be liberally construed as when he originally filed it as a lawsuit on his own behalf. (*Id*., pp. 2-3)

Defendants argue that Plaintiff is not entitled to class certification because he has failed to meet the stringent requirements for class certification of Local Civil Rule (CR) 23. (Dkt. # 96). In addition to CR 23's requirements, the Court finds that Plaintiff has failed to meet the stringent prerequisites for class certification under Rule 23 of the Federal Rules of Civil Procedure.

**A.     Local Civil Rule 23**

Under CR 23 "in any case sought to be maintained as a class action: (1) The complaint shall bear next to its caption the legend 'Complaint–Class Action'." CR 23(f). The complaint must also contain a separate heading entitled "Class Action Allegations", which heading shall include a "reference to the portion or portions of Rule 23 Fed. R. Civ. P., under which it is claimed that the suit is properly maintainable as a class action", as well as allegations thought to justify a class action, including the size and definition of the class, the basis upon which the plaintiff is an appropriate representative of the class, and the alleged questions of fact and law claimed to be common to the class. *Id*. Additionally, the plaintiff in a class action lawsuit shall move to certify a class or classes within "one hundred and eighty days after the filing of a complaint in a class action" unless otherwise ordered by the court. CR 23(f)(3). The 180 day period for moving to certify a class

REPORT AND RECOMMENDATION - 2

may be extended only "for good cause". *Id*.

Plaintiff did not comply with any of the requirements of CR 23 to properly plead a class action complaint. The complaint in this action does not contain the words "class action", nor does it contain any allegations thought to justify a class action.

The requirement to liberally construe pro se pleadings generally applies only to the substantive allegations in a pro se litigant's complaint that are reviewed by a court to determine if the allegations state a claim for relief. *Haines v. Kerner*, 404 U.S. 519, 92 S. Ct. 594 (1972); *Estelle v. Gamble*, 429 U.S. 97, 97 S. Ct. 285 (1976). Plaintiff provides no authority to support his argument that a complaint should be liberally construed to determine if it asserts a class action. In addition, Plaintiff's failure to raise this issue until more than two years after filing his complaint is evidence that he did not plead or intend to plead class action claims in this case.

Even if the Court construes Plaintiff's complaint liberally, there is simply no basis for class certification as Plaintiff has failed to comply with the clear requirements for class certification under Rule 23 of the Federal Rules of Civil Procedure.

**B.     Prerequisites for Class Certification Under Rule 23(a)**

Plaintiff attempts to bring Counts I and IV on behalf of himself and "all whom were mistreated, injured and deprived their federally protected rights." (Dkt. # 95, p. 1).

Plaintiff is entitled to class certification only if (1) the class proposed is so numerous that joinder is impractical, (2) there are questions of law or fact common to all class members, (3) Plaintiff's claims are typical of those of the class, and (4) Plaintiff can adequately protect the interests of the class. Fed. R. Civ.P. 23(a). After careful review of the parties' papers, the undersigned concludes that Plaintiff has not met the requirements for class certification.

**1.     Number of Proposed Class.**  Plaintiff has not identified any members of his proposed

REPORT AND RECOMMENDATION - 3

class. Indeed, Plaintiff admits that he does not know the number of prisoners affected by the policies at issue, the extent of their combined injuries, nor an amount of damages to compensate their injuries. (Dkt. # 95, pp. 1-2). Therefore, Plaintiff cannot satisfy the first prerequisite of Rule 23(a) nor is it possible for Plaintiff to satisfy the second prerequisite – identification of questions of law or fact common to all class members.

**2. Commons Questions of Law or Fact.** By way of example, Plaintiff alleges that he and all C Pod inmates were to be shackled for any and all movements between June 1, 2002 and July 11, 2002. (Dkt. # 4, p. 21). Plaintiff does not identify any inmate in C Pod, nor does he provide any details regarding the claims of any inmate in C Pod from which it may be determined whether common questions of law or fact exist. It is essential that each of these potential claims would have to first be examined on a case-by-case basis to determine the validity of the underlying claims and to determine whether each member has availed himself of available remedies. *See, e.g., Booth v. Churner*, 532 U.S. 731, 739 (2001) (42 U.S.C. § 1997e(a) requires that no action shall be brought with respect to prison conditions under Section 1983 by a prisoner until such administrative remedies as are available are exhausted).

**3. Plaintiff's Claims Typical of Class.** As noted above, it is impossible to determine whether Plaintiff's claims are typical of any other prisoner who may have been affected by the policies at issue.

**4. Fair and Adequate Representation.** Finally, as a pro se plaintiff, Plaintiff cannot "fairly and adequately protect the interests of the class," as required by Fed.R. Civ.P. 23(a)(4). *See Oxedine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975)(plain error to permit imprisoned litigant, unassisted by counsel, to represent fellow inmates in a class action). Although a non-attorney may appear pro se on behalf of himself, he has no authority to appear as an attorney for others. *C.E.*

REPORT AND RECOMMENDATION - 4

*Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987). Also, "[e]very court that has considered the issue has held that a prisoner proceeding pro se is inadequate to represent the interests of his fellow inmates in a class action." *Caputo v. Fauver*, 800 F.Supp. 168, 170 (D.N.J. 1992) *aff'd without op.*, 995 F.2d 216 (3rd Cir. 1993). *See also, Lerwill v. Inflight Motion Pictures, Inc.*, 582 F.2d 507, 512 (9th Cir. 1978); *Smith v. University of Washington*, 2 F.Supp.2d 1324, 1343 (W.D. Wash. 1998) (the representative parties must appear able to prosecute the action vigorously through qualified counsel). Plaintiff is not qualified to pursue the claims as a class action on behalf of other inmates nor is he able to adequately protect their interests. Therefore, to the extent Plaintiff intends to represent other parties in a class action suit under Fed.R.Civ.P. 23, he may not do so.

**C.     Additional Requirements of Class Certification Under Rule 23(b)**

In addition to the prerequisites of Rule 23(a), class certification will be granted only if:

(1)     the prosecution of separate actions by or against individual members of the class would create a risk of

   A)     inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or

   B)     adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests; or

(2)     the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or

(3)     the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

Fed. R. Civ. P. 23(b).

Plaintiff has failed to demonstrate that his case should be certified as a class under Rule

REPORT AND RECOMMENDATION - 5

23(b).  There is no question that subparagraphs (1)(A)(B) and (2) are not met or do not apply. There is no evidence that denial of the class will result in inconsistent adjudications, resulting in incompatible standards of conduct for Defendants.  There is also no evidence that the interests of the non-party class members will be impaired or impeded if this action continues an individual action.          Under subparagraph (3), the class must demonstrate that common questions predominate over questions affecting only individual members and class resolution must be superior to other available methods for the fair and efficient adjudication of the controversy. *Hanlon v. Chrysler Corporation*, 150 F.3d 1011, 1022 (9th Cir. 1998). The mere presence of commonality is insufficient to establish the predominance of common questions. *Id.* Nevertheless, when common questions present a significant aspect of the case and they can be resolved for all class members in a single adjudication, the court is justified in handling the dispute on a representative rather than on an individual basis. *Id.*

Plaintiff's proposed class consists of himself, all inmates in IMU, and all F Unit prisoners who may have "been mistreated, injured or deprived their federally protected rights."  However, Plaintiff has failed to identify the class members, describe their claims or demonstrate that they have exhausted their administrative remedies.  Plaintiff has also failed to demonstrate that proceeding by way of a class action is superior to other methods of administrative remedies and personal restraint actions available to the prospective class members.

## II. CONCLUSION

For the foregoing reasons, the undersigned recommends that Plaintiff's motion for class certification (Dkt. # 106) be **DENIED**.  A proposed order accompanies this Report and Recommendation. Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections.

REPORT AND RECOMMENDATION - 6

*See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **January 4, 2008**, as noted in the caption.

DATED this 6th day of December, 2007.

/s/ Karen L. Strombom
Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 7