UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROBERT WARD GARRISON,

    Plaintiff,

v.

DOUG WADDINGTON, *et al.*,

    Defendants.

Case No. C05-5487 RJB/KLS

ORDER DENYING MOTION FOR DISCLOSURE OF FINANCIAL TRANSACTIONS

    Before the Court is Plaintiff's Motion Requiring Disclosure of Financial Transactions and Telephone Recordings (Dkt. # 100). Having reviewed the motion, Defendants' opposition (Dkt. # 104), Plaintiff's reply (Dkt. # 108), and the balance of the record, the Court finds that the motion should be denied.

    Plaintiff states that in July 2002, employees at the Stafford Creek Corrections Center (SCCC) destroyed some of his legal documents and that he hired a private investigation firm, Vecris, run by David Vronay to obtain and copy court documents and attorney files in an effort to replace the destroyed documents. (Dkt. # 100). In addition to these services, Plaintiff also used Vecris to open an account for Plaintiff with Scottrade to invest $50,000.00 on Plaintiff's behalf. (*Id.*). Plaintiff claims that the total amount of work performed by Vecris unrelated to the replacement of destroyed documents is $4,239.50. Although he never received a written break-down of the total amount for the

ORDER  1

work performed by Vecris to replace his legal documents, based on incomplete documents received to date, Plaintiff claims that the billings stand at $22,9798.05. (*Id*., p. 5).  Plaintiff claims that Vecris utilized the services of an attorney to obtain the trial exhibits, attorney files and documents destroyed by SCCC and that he has now received 99% of the documents that were destroyed.  (*Id*., p. 3).  Plaintiff also claims that David Vronay opened the Scottrade account in his own name with $44,500.00 of Plaintiff's money and has now moved to China, still owing $22,979.05 to Plaintiff.  (*Id*.).

Plaintiff attempted to contact David Vronay and sought relief through the Washington Department of Licensing (DOL).  (*Id*., Attach. 1, Exh. 3).  DOL, in conjunction with the Department of Financial Institutions, Securities Division (DFI), investigated Plaintiff's complaint against Vronay and Vecris and issued subpoenas for Plaintiff's records.  (*Id*.)   The last communication received from Mr. Vronay on September 12, 2007 indicated that he was in the process of obtaining a refund for Plaintiff.  However, DOL and DFI concluded their investigation and closed the file on the basis that there is no legal process available to go forward to obtain Plaintiff's records as Mr. Vronay has relocated to China and does not have a known business location in the United States.  (*Id*.).

Plaintiff also requested the Department of Corrections (DOC) to turn over copies of all phone calls made by him from September 2006 through January 31, 2007. (*Id*., Attach. 1, Exh. 4).  Plaintiff was advised that his request was denied "per RCW 9.73.095(3)(b) – The contents of any intercepted or recorded conversation shall be divulged only as is necessary to safeguard the orderly operation of the correctional facility, in response to a court order, or in the prosecution or investigation of and [sic] crime." (*Id*.).

Plaintiff requests that the Court order Scottrade to turn over to Plaintiff all transactions governing his account and to order Washington State Penitentiary to turn over its telephone recordings between Plaintiff and David Vronay of Vecris Investigations between September 2006 and March 2007. (*Id*., p. 7). Plaintiff claims that such relief is necessary to determine the amount of money actually spent on obtaining and delivering to him the replacement copies of the legal documents destroyed by SCCC. Defendants oppose the motion as it seeks irrelevant discovery that is not relevant to Plaintiff's claim and because the discovery deadline has long since expired.

ORDER  2

The Court finds that Plaintiff's motion should be denied for a number of reason.  The discovery deadline expired over a year ago. (Dkt. # 24).  Defendants are correct that Plaintiff's discovery request has little or no relevance to this case.  As noted by Defendants, Plaintiff has no viable claim for the inadvertent loss or destruction of his legal documents in this action. *See Parratt v. Taylor*, 451 U.S. 527, 101 S. Ct. 1908 (1981) (negligent loss of property or injury to property by state official does not violate due process so long as the state provides a meaningful post-deprivation remedy for the loss or injury).   While the loss of Plaintiff's legal documents may be relevant to his access to courts claim, the Court fails to see how the cost of replacement is relevant.  Plaintiff claims that Defendants lost 103 pages of trial exhibits vital to proving his total innocence in his state court action. (Dkt. # 4, pp. 16-17).  Certainly, Plaintiff is not precluded from producing evidence of his efforts to replace the documents in this case, but it is the loss of the documents and whether that loss caused damage to Plaintiff's ability to prosecute his total innocence claim in his state action that is the crux of Plaintiff's access to courts claim in this case.

Discovery of Plaintiff's telephone calls with Mr. Vronay is likewise not relevant to Plaintiff's claims here.  Although Plaintiff argues that the evidence will assist in piecing together the costs incurred by Vecris to replace the documents, the phone calls would only cover the time spent with Mr. Vronay in telephone conferences.  And as noted above, it is the loss of the documents not the cost of the documents that is relevant to Plaintiff's access to courts claim in this case.

Plaintiff acknowledges that the discovery would be relevant to a lawsuit against Mr. Vronay for mishandling or misappropriating Plaintiff's funds (Dkt. # 108), although he states that such a lawsuit would be futile.  The parties agree that this lawsuit is not the appropriate vehicle for conducting such discovery.

Accordingly, it is **ORDERED:**

(1)   Plaintiff's Motion for Order Requiring Disclosure of Financial Transactions and Telephone Recordings (Dkt. # 100) is **DENIED**; and

ORDER  3

(2) The Clerk of the Court shall send copies of this Order to Plaintiff and counsel for Defendants.

DATED this  20th   day of December, 2007.


/s/ Karen L. Strombom
Karen L. Strombom
United States Magistrate Judge

ORDER  4